UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TH PROPERTIES, L.P., *et al.* | : | Case No. 09-13201 (SR) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**STIPULATION AND ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY AND RELATED RELIEF**

WHEREAS, on or about April 13, 2006, debtors Swamp Pike, LP and TH Properties, LP made, executed and delivered to First Niagara Bank, N.A., successor by merger to Harleysville National Bank and Trust Company ("First Niagara") a written promissory note in the original principal face amount of $7,826,750.00 (the "Wynstone Note").; and

WHEREAS, the Wynstone Note is secured by a first mortgage dated April 13, 2006 (the "Wynstone Mortgage") on real property owned by debtor Swamp Pike, LP located in the Township of New Hanover, County of Montgomery, Commonwealth of Pennsylvania, and referred to as Tax Parcel Identification Nos. 47-00-07060-00-3, 47-00-07240-00-3, 47-00-07244-00-8 and 47-00-03948-00-1, as more particularly described in the Wynstone Mortgage (the "Wynstone Property"); and

WHEREAS, the Wynstone Mortgage was duly recorded in the Office of the Recorder of Deeds of Montgomery County, Pennsylvania; and

WHEREAS, on April 30, 2009, TH Properties, LP and certain related entities filed for protection under Chapter 11 of the United States Bankruptcy Code; and

WHEREAS, on September 14, 2010, Swamp Pike, LP, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, as of the Petition Dates, the Debtors did not make the payments due under the terms of the Wynstone Note and were, thus, in default on the loan; and

WHEREAS, post-petition, the Debtors have not made the payments due under the terms of the Wynstone Note and are unable to make future payments; and

WHEREAS, the current balance due to First Niagara pursuant to the Wynstone Note is no less than $7,539,390.39; and

WHEREAS, on April 7, 2011, First Niagara filed a Motion for Relief from the Automatic Stay (the "Stay Relief Motion") [Docket No. 1736] with respect to the Wynstone Property; and

WHEREAS, by reason of the foregoing, the Debtors are unable and/or unwilling to adequately protect the interests of First Niagara in the Wynstone Property; and

WHEREAS, the Debtors have no equity in the Wynstone Property, which is burdensome to their estates, and which will not generate cash flow for the Debtors at any time in the near future; and

WHEREAS, the Debtors have determined, in their business judgment, that the Wynstone Property is not necessary for their effective reorganization; and

WHEREAS, for the reasons set forth above, the Debtors have determined that consenting to the relief set forth below is in the best interest of the estate and its creditors.

NOW THEREFORE, this 22nd day of April, 2011, upon agreement of the parties hereto, as evidenced by the signatures of their respective authorized counsel below, it is hereby **ORDERED** that:

1. The Automatic Stay imposed by Section 362(a) of the Bankruptcy Code is vacated to the extent necessary to permit First Niagara to exercise its rights as a secured creditor

of TH Properties, LP and Swamp Pike, LP, pursuant to the Wynstone Note and Wynstone Mortgage and applicable state law, including, without limitation, to obtain a judgment or judgments on the Wynstone Note and/or in mortgage foreclosure and to expose the Wynstone Property to Sheriff's Sale. The Debtors and their related entities agree not to contest or move to strike or open any judgment on the Wynstone Note or in mortgage foreclosure entered on behalf of First Niagara.

2. After any such Sheriff's Sale, the successful bidder may institute and prosecute an action for possession of the said real property, without further Order of this Court.

3. This Court retains jurisdiction to the extent necessary to enforce this Order.

4. Rule of Bankruptcy Procedure 4001(a)(3) shall not apply to this Order, which shall take effect immediately upon entry.


SCHNADER HARRISON SEGAL                MONTGOMERY MCCRACKEN
& LEWIS LLP                            WALKER & RHOADS, LLP


By: /s/ Barry E. Bressler              By: /s/ Joseph O'Neil, Jr.
Barry E. Bressler, Esq.                Joseph O'Neil, Jr., Esq.

*Counsel to First Niagara Bank, N.A.,*   *Counsel to the Debtors and*
*successor by merger to Harleysville*    *Debtors-in-Possession*
*National Bank and Trust Company*


BY THE COURT:

_____  4-27-2011
STEPHEN RASLAVICH
CHIEF U.S. BANKRUPTCY JUDGE