UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| TH PROPERTIES, L.P., *et al.* [1] : | Case No. 09-13201 (SR) |
| : | (Jointly Administered) |
| Debtors. : | |
| | RE: Docket No. |

**ORDER GRANTING MOTION TO APPROVE THE SALE OF
BILTMORE ESTATES FREE AND CLEAR OF LIENS (EXCEPT
MECHANICS' LIENS), CLAIMS, INTERESTS, AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AND AUTHORITY TO
ENTER INTO REAL ESTATE ASSET PURCHASE AGREEMENT**

AND NOW, this 28th day of April, 2011, upon consideration of the Motion of the Debtors and Debtors-in-Possession (collectively, the "Debtors") to Approve the Sale of Biltmore Estates Free and Clear of Liens (Except Mechanics' Liens), Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§105(a) and 363 and Authority to Enter Into Real Estate Asset Purchase Agreement (the "Motion"); it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of this Motion has been provided as set forth in the Motion and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause therefor, it is hereby

ORDERED that

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: TH Properties, L.P. (4545); TH Properties of New Jersey, L.P. (5640); Northgate Development Company, LP (8803); Morgan Hill Drive, LP (4624); TH Properties, Inc. (1947); TH Properties, LLC; (7147); and Swamp Pike, LP (7841). The principal place of business for the Debtors is 345 Main Street, Harleysville, PA 19438.

2710713v1

1. The Motion is GRANTED.

2. The Debtors are hereby authorized to sell the real property located in Skippack Township, Montgomery County, Pennsylvania known as Biltmore Estates ("Biltmore" or the "Purchased Assets") to a Skippack Group LLC, a designee of the H&K Entities (as defined in the Motion) pursuant to Section 363(b) of the Bankruptcy Code and enter into the Real Estate Asset Purchase Agreement ("Agreement"). *to govern the sale of the purchased assets.*

3. The sale of Biltmore shall be free and clear of all interests, claims, liabilities, liens, security interests, other encumbrances, rights of setoff, recoupment, netting, deductions and other defenses held by any and all third parties and arising, accruing or relating to any time period prior to the Settlement Date (as defined in the Agreement), including any consensual or nonconsensual liens (the "Encumbrances"), subject to certain mechanics' lien holders retaining their second priority mechanics' liens and lien position in accordance with certain settlements entered into with the Debtors and approved by Order of the Bankruptcy Court at Docket No. 1548, with all such Encumbrances attaching to the proceeds of such sales in the same force, effect and priority as such liens had immediately prior to the closing of such sale. *The proceeds of the sale shall*

4. Skippack Group LLC (the "Purchaser") is a good faith purchaser and is entitled to *be remitted to the* the benefits and protections provided by Section 363(m) of the Bankruptcy Code, as a purchaser *Bank of America* who has acted in good faith in connection with the transaction.

5. Notice of the sale Motion has been provided in accordance with the Bankruptcy Code. The sale may not be avoided by operation of Section 363(n) of the Bankruptcy Code and *to satisfy* exempt from any bulk sales laws of the Commonwealth of Pennsylvania. *the Biltmore Buyout*

6. The Purchaser would not have agreed to purchase Biltmore and would not consummate the transactions contemplated thereby if the sale was not free and clear of all *as set forth in the term sheet as approved [Docket No. 1728] by order of the court on 3/30/11*

-2-

Encumbrances, or if the Purchaser would, or in the future could be liable for any of such Encumbrances. Neither the Purchaser nor its affiliates shall be liable or responsible, in whole or in part, for any claims (as defined in section 101(5) of the Bankruptcy Code), for any and all liabilities of the Debtors and any claims against Seller or any other debtors, including but not limited to money damages of any kind due (or alleged to be due) at any time from Seller or any other debtor to other persons, customers, municipalities and other governmental authorities, landlords, tenants, and landowners with property proximate to any of the properties included in Biltmore, any mortgages, deeds of trust and security interests, intercompany loans and receivables between the Debtors, municipal or governmental claims; and any theories of successor liability or fraudulent transfer.

7.  The Debtors may sell the Purchased Assets free and clear of all Encumbrances because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of Encumbrances against the Debtors, their estates or any of the Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

8.  To maximize the value of the Purchased Assets and preserve the viability of the continued development and completion of the Purchased Assets, it is essential that the sale of the Purchased Assets occur as soon as possible. Time is of the essence in consummating the sale.

2710713v1

Given all of the circumstances of this chapter 11 case and adequacy and fair value of the purchase price, the proposed sale of the Purchased Assets to Purchaser constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

9. The Debtors, on or before the closing of the sale, are authorized to and shall execute a Second Amendment to Land Development and Financial Security Agreement for Biltmore Estates with the Purchaser and Skippack Township, substantially in the form annexed hereto as Exhibit "A."

10. As provided by Bankruptcy Rules 7062 and 9014, this order shall be effective and enforceable immediately upon signing and shall not be subject to the 14-day stay provisions contained in Bankruptcy Rule 6004(h).

11. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

The Honorable Stephen Raslavich,
Chief, U.S. Bankruptcy Judge

Interested Parties:

Natalie D. Ramsey
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109

Albert A. Ciardi, III, Esquire
Ciardi, Ciardi & Astin
One Commerce Square
2005 Market Street, Suite 1930

-4-

2710713v1

Philadelphia, PA 19103

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Joseph A. LaFlamme
Paul R. Ober & Associates
234 N. 6th Street
Reading, PA 19601

2710713v1