UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| TH PROPERTIES | : | Case No.: 09-13201 (SR) |
| | : | |
| DEBTORS | : | |

<u>ANSWER OF ONEATHER KENT AND RONALD FULTON TO THE MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 USC SECTION 362 FOR A FINDING OF CONTEMPT AGAINST ONEATHER KENT AND RONALD FULTON FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY, TO RECOVER ACTUAL AND PUNITIVE DAMAGES, AND FOR TURN OVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 USC SECTION 542.</u>

Oneather Kent and Ronald Fulton, hereinafter collectively referred to as "Respondents" answer the instant Motion of Debtors and Debtors in Possession and in support thereof aver as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. Respondents do not have sufficient knowledge regarding the veracity of this averment to formulate a response.

12. Denied. Respondents do not have sufficient knowledge regarding the veracity of this averment to formulate a response.

13. Denied. Respondents do not have sufficient knowledge regarding the veracity of this averment to formulate a response.

14. Denied. Respondents do not have sufficient knowledge regarding the veracity of this averment to formulate a response.

15. Denied. The Agreement of Sale for the residence known as and located at 2100 Morgan Hill Drive in "Northgate" was dated August 8, "2008." It is further answered that despite the August 8, 2008 Agreement of Sale, addendum #024 postponed the settlement date to March 27, 2009 or 231 days after the original Agreement of Sale was signed between the parties.

16. Denied. The Respondents aver that closing did not take place in that during the walk through several construction issues remained unsolved by the Movant, including but not limited to a missing kitchen countertop and sink.

17. Admitted. Despite the "dangers involved in construction areas" outlined in Paragraph number 9 of the Agreement of Sale, Respondents were advised to move all household furnishings and belongings into the subject property and all structural deficiencies, including, but not limited to the kitchen counter-top and sink would be corrected immediately. It is further answered that Movant failed and continued to fail to fix the known problems and the Movant was forced to utilize their own monetary savings and resources to improve the premises toward a new home standard.

18. Denied. The Respondents aver that they were attempting to have the house problems corrected and were therefore not able to make it to the settlement.

19. Denied. The Respondents aver that the repair of the construction deficiencies was a priority and they were hesitant to settle on the subject property without the construction problems being corrected first.

20. Denied. The Respondents aver that they would not settle unless the construction problems were corrected first.

21. Respondents did not vacate the subject property in that they had invested their own funds in an amount in excess of $26,961.91 into the subject property. Respondents on numerous occasions demanded a refund of the monies expended in order to secure new housing, however, they were continuously denied by Movant and were advised that the funds can't be refunded.

22. Denied. Due to a lack of an attached and executed Agreement of Sale, or Auction list including the subject property, Respondents do not have sufficient knowledge regarding the veracity of this averment to formulate a response.

23. Denied. Even if a Landlord Tenant relationship existed, which the Respondents strenuously deny, under the Landlord-Tenant act of 1951 at least 15 days of notice must be provided prior to an Eviction Complaint being filed.

24. Admitted.

25. Denied. The November 9, 2010 letter was merely a renunciation of the construction and other issues which existed and continued to exist since the initial construction of the subject property and were made known to Movant on numerous occasions.

26. Denied. It is denied that the Respondents occupancy of the subject property constitutes willful violations of the Automatic Stay. It is further answered that

Respondents are in the process of securing a Lease Agreement and will be vacating the subject property by or before August 1, 2011.

27. Denied. Respondents contend that the townhouse units offered were less desirable and the prices were inflated for the townhouse units allegedly available.

28. (i) Denied. The Respondents will be vacating the property by or before August 1, 2011.

    (ii) Denied. The Respondents are not in Contempt of Court.

    (iii) Denied. The Respondents shall not be liable to the Movant for any rent in that no lease actual or constructed was entered into.

    (iv) Denied. The Respondents will be vacating the property by or before August 1, 2011.

    (v.) Denied. Punitive damages or any other form of relief are not just and proper in this matter.

29. Denied. The instant averment is a conclusion of law and must be proved at trial.

30. Denied. The instant averment is a conclusion of law and must be proved at trial.

31. Denied. The Respondents will be delivering possession of the property and improvements back to the Movant by or before August 1, 2011. It is further answered that the Respondents moved into the property per the request of the Movant. Further, the Respondents have improved the property and its structural deficiencies.

32. Denied. The Debtors were merely soliciting an amicable negotiation of reimbursement for monies expended and in no way were willfully violating the automatic stay. The issues of reimbursement are not being pursued at this time

through Bankruptcy Court procedures in that the Respondents are moving out of said property.

WHEREFORE, the Respondents respectfully request that based on the foregoing answers that the instant Motion be DENIED.

Dated: 6/20/11

/s/ Brad J. Sadek, Esquire
Brad J. Sadek, Esquire
Sadek Law Offices, LLC
1315 Walnut Street, #804
Philadelphia, PA 19107
(215) 545-0008