IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>TH PROPERTIES, L.P., *et al.*<br><br>Reorganized Debtors[1]. | CHAPTER 11<br><br>Case No. 09-13201 (AMC) |

**OBJECTION OF REORGANIZED DEBTORS TO THE MOTION OF MONTGOMERY MCCRACKEN WALKER & RHOADS LLP TO CONFIRM THE STATUS CONFERENCE OF SEPTEMBER 4, 2024 AND THE AUGUST 28, 2024 DEADLINE FOR ACCOUNTING, AND FOR SANCTIONS IF THE ACCOUNTING DEADLINE IS NOT MET**

Reorganized Debtors, TH Properties d/b/a TH Properties, L.P., TH Properties, LLC, Morgan Hill Drive, LP, Northgate Development Company, LP, TH Properties of New Jersey, L.P., TH Properties, Inc., and Wynstone Development Group, LP (collectively, the "Reorganized Debtors") hereby file this Objection ("Objection") to the Motion of Montgomery McCracken Walker & Rhoads, LLP ("MMWR") to Confirm the Status Conference of September 4, 2024 and the August 28, 2024 Deadline for Accounting, and for Actions if the Accounting Deadline is not Met [D.I. 2593] ("Motion"). In Opposition to the Motion, the Reorganized Debtors, respectfully state as follows:

**PRELIMINARY STATEMENT**

1. These Bankruptcy Cases are closed.

2. It comes as no surprise that the latest Motion filed by MMWR is premature and improper, seeking relief and sanctions for events when deadlines have not passed. MMWR

---

[1] The Reorganized Debtors are Morgan Hill Drive, LP, Northgate Development Company, LP, TH Properties, TH Properties of New Jersey, L.P., TH Properties, Inc., TH Properties, LLC, and Wynstone Development Group, LP.

1

continues to burden the Reorganized Debtors with incessant motion practice and unnecessarily burdens the docket in these closed cases.

3. This Court scheduled a Status Conference for September 4, 2024. The Reorganized Debtors have given no indication that they would not appear at the Status Conference. As set forth in the annexed Declaration of Todd Hendricks ("Mr. Hendricks"), the Reorganized Debtors produced documents to MMWR within the deadline set by the Court. MMWR's Motion was filed in haste, with little forethought, and illustrates its ill-intended nature to paint the Reorganized Debtors in false light to this Court.

## BACKGROUND AND FACTS

4. Pursuant to the Order entered by the Court on July 29, 2024 [D.I. 2576] (the "Order"), the Reorganized Debtors were directed to "provide MMWR the Unit Sales Accounting, and each supporting HUD 1, for all units sold after December 1, 2012 at the communities identified in paragraph 2 of the Stipulation[2]." *See* Order at ¶ 3.

5. The Reorganized Debtors are not operating. The Reorganized Debtors do not have any funds. The Reorganized Debtors do not have any employees. *See* Hendricks Declaration at ¶2.

6. Mr. Hendricks caused the review of all accessible records for the Reorganized Debtor and provided MMWR with copies of the available Unit Sales Accounting and each supporting HUD 1. *See* Hendricks Declaration at ¶ 5.

7. As the Stipulation had required, the Reorganized Debtors sent HUD 1s for all closings to MMWR contemporaneously with the payments remitted to MMWR from 2012 through 2016. *See* Hendricks Declaration at ¶ 6. Those HUD 1s accounted for approximately 230 units.

---

[2] All terms not defined herein shall have the ascribed meaning set forth in the Order.

*See* Hendricks Declaration at ¶ 6.

8. The Reorganized Debtors' records, however, were maintained as a combination of paper and electronic files. *See* Hendricks Declaration at ¶ 8.

9. The Reorganized Debtors are no longer operating and paper records were maintained, but not in an easily accessible manner. *See* Hendricks Declaration at ¶ 9.

10. In addition, the Reorganized Debtors previously used a computer software program that is now obsolete and cannot be accessed. *See* Hendricks Declaration at ¶ 10.

11. Despite these difficulties, the Reorganized Debtors reviewed and produced relevant, accessible records to MMWR within the deadline set by the Court. *See* Hendricks Declaration at ¶ 11.

12. The Reorganized Debtors have complied with the Order, and any request for sanctions is not only premature but unwarranted under the circumstances.

13. Whether Reorganized Debtors' Appeal is preempted by MMWR's Motion for Reconsideration is not properly before this Court, and as set forth in the Reorganized Debtors' Opposition to the Motion for Reconsideration, MMWR failed to meet its burden under Rule 59, thus Rule 9023 does not apply, and the Reorganized Debtors reserve all rights with respect to the timing of their Appeal.

WHEREFORE, for the foregoing reasons, the Reorganized Debtors respectfully request that the Honorable Court enter an Order denying the Motion, and granting such other and further relief as the Court deems just and proper.

|  | Respectfully submitted: |
|---|---|
| Dated: August 29, 2024 | **BIELLI & KLAUDER, LLC**<br><br>*/s/ Thomas D. Bielli*<br>Thomas D. Bielli, Esquire<br>Angela L. Mastrangelo, Esquire<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>(215) 642-8271<br>tbielli@bk-legal.com<br>matrangelo@bk-legal.com<br><br>*Attorneys for the Reorganized Debtors* |